IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEO ALEJANDREZ,

    Plaintiff,

vs.

M. KIRCHER, et al.,

    Defendants.

No. C 11-02381 YGR (PR)

**ORDER PROVIDING *WYATT* DISMISSAL FOR NON-EXHAUSTION NOTICE AND SETTING NEW BRIEFING SCHEDULE**

Plaintiff Leo Alejandrez, a state prisoner, filed the above-titled *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground that Plaintiff has not exhausted his administrative remedies. Before the Court is Plaintiff's motion for an extension of time to file his opposition to Defendants' motion to dismiss.

A recent decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" motions to dismiss at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012). Accordingly, the Court now provides the following notice to Plaintiff for his information in connection with Defendants' pending motion to dismiss:

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case, albeit without prejudice. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. A "declaration" is a written statement made "under penalty of perjury" and signed by the person making the statement known as the "declarant," who could either be you or your supporting witness. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendants' declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the

motion to dismiss, if appropriate, may be granted and the case dismissed.

Plaintiff's opposition to Defendants' motion to dismiss is due July 27, 2012. As mentioned above, Plaintiff requests an extension of time to file his opposition. His request (docket no. 37) is GRANTED. In order to allow Plaintiff time to prepare his opposition to the pending motion to dismiss taking into account this *Wyatt* dismissal for non-exhaustion notice, the Court now sets the following new briefing schedule on Defendants' motion to dismiss: Plaintiff must file and serve his opposition to the motion no later than **August 27, 2012.** Defendants shall file and serve their reply no later than **September 27, 2012**. **No further extensions of time will be granted in this case absent extraordinary circumstances.**

IT IS SO ORDERED.

DATED: July 18, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**