**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO ALEJANDREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>M. KIRCHER, et al.,<br><br>    Defendants.<br>_____ / | No. C 11-2381 YGR (PR)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A SUMMARY JUDGMENT MOTION OR NOTICE REGARDING SUCH MOTION** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendants' motion to dismiss plaintiff's due process claim for failure to exhaust is GRANTED. The remaining claims survive the motion to dismiss, and defendants are directed to file a summary judgment motion or notice regarding such motion regarding the surviving claims on or before February 27, 2013, unless an extension is granted. **The Court further directs that defendants are to adhere to the new notice provisions regarding the filing of a motion for summary judgment.**

**BACKGROUND**

The following factual allegations are not disputed. In June 2008, there was a yard riot at Salinas Valley State Prison at which plaintiff was present. Plaintiff alleges that prison guards used excessive force against him during this riot. Defendants charged plaintiff with battery on an inmate during this riot, to which charge plaintiff pleaded guilty at his subsequent disciplinary hearing.

**DISCUSSION**

**A.   Motion to Dismiss**

Plaintiff claims that defendants, his jailors at Salinas Valley State Prison, (1) violated his right to due process during his disciplinary hearing, and (2) used excessive force against him in violation of his Eighth Amendment rights. Defendants now move to dismiss the due process claim on grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit. They also move to dismiss the Eighth Amendment claims on grounds that plaintiff's factual allegations are insufficient to state a claim.

**1.   Due Process**

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). A grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. *Woodford*, 548 U.S. at 90.

This claim must be dismissed because the undisputed record shows that plaintiff has not exhausted his administrative remedies. Defendants have shown evidence, which plaintiff does not dispute, that he filed an inmate grievance regarding the alleged use of excessive force, yet never filed a grievance that his disciplinary hearing violated his right to due process.

Because plaintiff never filed a grievance regarding his due process claim, he cannot have exhausted his administrative remedies, nor, certainly have alerted the prison as to the nature of the wrong for which redress is sought. Accordingly, defendants' motion to dismiss plaintiff's due process claim (Docket No. 32) is GRANTED. Plaintiff's due process claim is DISMISSED without prejudice. Plaintiff may refile such claim after he has exhausted his administrative remedies.

### 2. Eighth Amendment Claims

Defendants move to dismiss these claims because plaintiff's allegations are insufficient to state a claim. This motion is DENIED because the Court has already determined that plaintiff's claims, when liberally construed, do state claims for relief. Defendants' arguments, including those regarding supervisory liability, are better raised in a motion for summary judgment.

Accordingly, on or before February 27, 2013, defendants shall file a motion for summary judgment with respect to the Eighth Amendment claims. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

A recent decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or

otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

**Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:**

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

Plaintiff's motion for the appointment of counsel (Docket No. 43) is DENIED. The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Plaintiff has not shown that exceptional circumstances exist in this case.

The Clerk shall terminate Docket Nos. 32 and 43.

**IT IS SO ORDERED**.

DATED: December 3, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**